IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CHARLES ROLEN and wife )
VIRGINIA ROLIN, )
)
Plaintiffs, )
)
) NO. 3:04-0753
) JUDGE HAYNES
HANSEN BEVERAGE COMPANY )
CLUB SALES, INC., COSTCO )
WHOLESALE CORPORATION, )
)
Defendants. )

**ORDER**

Plaintiffs, Charles and Virginia Rolin, filed this action originally in the Circuit Court of Williamson County, Tennessee against the Defendant Hansen Beverage Company, a Delaware corporation. Plaintiffs allege that Charles Rolen suffered food poisoning after drinking a juice, "Juice Blast", that is manufactured by the Defendant. The Defendant remand the action to this Court under the federal diversity statute, 28 U.S.C. § 1332, without objection.

Before the Court is the Defendant's motion for summary judgment (Docket Entry No. 8), that Plaintiffs lack admissible expert proof that the consumption of the Defendant's product caused the injuries as issue. Plaintiffs respond that material factual issues exist that preclude an award of summary judgment. (Docket Entry No. 13).

As pertinent to the Defendant's motion, the critical facts are that Plaintiff Virginia Rolen purchased the Defendant's product on January 10, 2000. Later the same day, Plaintiff Charles Rolen drank one of the cartons after having consumed only a cup of black coffee between 8:00 and 9:00 a.m. According to Charles Rolen, the juice tasted "like something was wrong with it." (Docket Entry No. 12, Attachment thereto, Charles Rolen Deposition at 15-17). Within twenty

to thirty minutes thereafter, Charles Rolen experienced dizziness and dry heaves. Id. An ambulance was called and Charles Rolen was taken to the hospital.

In February 2000, Dr. Mark Houston examined Charles Rolen and later opined that the Defendant's "Juice Blast" caused Rolen to suffer food poisoning. (Docket Entry No. 12, attachment thereto, Dr. Mark Houston Deposition at 5-8). The Defendant notes that Dr. Houston admitted that he has never tested any "Juice Blast" product nor is he aware of the Defendant's manufacturing process to produce this drink. Dr. Houston estimated that the reaction time for the effects of food poisoning to show is one to twelve hours, and he could not explain why Rolen's symptoms appeared within twenty minutes.

Upon a motion for summary judgment, the factual contentions are viewed in the light most favorable to the party opposing the motion for summary judgment. Dochon v. Cajon Co., 791 F.2d 43, 46 (6th Cir. 1986). Upon the filing of a motion for summary judgment, the opposing party must come forth with sufficient evidence to withstand a motion for a directed verdict, Anderson v. Liberty Lobby, 477 U.S. 242, 247-52 (1986), particularly where there has been an opportunity for discovery. Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

To obtain a judgment on their claims, the Plaintiffs must establish the proximate cause of Charles Rolen's injuries with expert proof. Downs v. Perstorop Components, Inc., 26 Fed. Appx. 472, 477 (6th Cir. 2002). Any expert proof must satisfy the requirements of Daubert v. Merrill Dow Pharmaceuticals, Inc., 509 U.S. 579, 590 (1993). Plaintiffs cannot meet that standard with Dr. Houston's testimony. Plaintiffs do not cite any other expert testimony on proximate cause.

Thus, the Defendant's motion for summary judgment is **GRANTED** and this action is

**DISMISSED** with prejudice.

This is the Final Order in this Action.

It is so **ORDERED**.

**ENTERED** this the \_\_4th\_\_ day of August, 2005.

                                                  WILLIAM J. HAYNES, JR.
                                                  United States District Judge